# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5663 | **DATE** | 7/24/2003 |
| **CASE TITLE** | Homecomings Financial Netowrk, Inc vs. Wilma Lowe, Constance Rucket, et. al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion for Summary Judgment of Foreclosure

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, plaintiff's motion for summary judgment of foreclosure is GRANTED [18-1]. Plaintiff's shall provide the Court with a draft order of foreclosure within 7 days of the date of this Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 25 2003 date docketed | |
| X | Docketing to mail notices. | | | 25 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| klb (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

HOMECOMINGS FINANCIAL )
NETWORK, INC., )
)
Plaintiff, )
) No. 02 C 5663
v. )
) HONORABLE DAVID H. COAR
WILMA LOWE, CONSTANCE RUCKER, )
BARRY J. MILLER, BLAZER FINANCIAL )
SERVICES, INC. a/k/a WASHINGTON )
MUTUAL FINANCE and AMERICAN )
GENERAL FINANCE, INC., )
)
Defendant. )

DOCKETED
JUL 25 2003

## MEMORANDUM OPINION AND ORDER

Before this court is Homecomings Financial Network, Inc.'s ("Homecomings" or "plaintiff") motion for summary judgment of foreclosure against Constance Rucker. For the reasons set forth below, Homecomings' motion for summary judgment of foreclosure is granted.

I.   Factual Background

Homecomings is a corporation incorporated under the laws of the State of Oregon having its principal place of business in the State of Oregon. Constance Rucker is a citizen of the State of Illinois. Wilma Lowe is a citizen of the State of Illinois. Wilma Lowe and Constance Rucker are the owners of the property commonly known as 10814 S. Church St., Chicago, IL 60643. Defendant, Blazer Financial Services, In., a/k/a Washington Mutual Finance is a corporation incorporated under the laws of the State of California with its principal place of business in the State of Florida and has a junior lien on the subject property. American General Finance, Inc. is



a corporation incorporated in the State of Delaware with its principal place of business in the State of Delaware and has a junior lien on the subject property.

On July 30, 1999, Wilma Lowe and Constance Rucker executed and delivered to NationsCredit Financial Services Corporation a Note in the amount of $201,568.30. To secure the Note, on July 30, 1999, Wilma Lowe and Constance Rucker executed and delivered to NationsCredit Financial Services Corporation a Mortgage on the property commonly known as 10814 S. Church St., Chicago, IL 60643. The Mortgage was recorded by the Cook County Recorder of Deeds on August 9, 1999 as document Number 99754820. Wilma Lowe and Constance Rucker are in default under the terms of the Subject Note and Mortgage. Wilma Lowe and Constance Rucker have failed to make the monthly payment under the subject Note and Mortgage for the March 2002, and subsequent payments. Plaintiff has declared all sums due and owing immediately payable and all required notices of default have been sent to the borrowers.

On December 20, 2002, the subject Mortgage and Note were assigned to Homecomings Financial Network, Inc. Homecomings Financial Network, Inc., is the owner of the subject Note and Mortgage. The unpaid principal balance on the subject loan is $199,875.25. As of March 19, 2003, the total amount due and owing to plaintiff is $263,438.56.

II.  Jurisdiction and Venue

This Court has subject matter jurisdiction over this case based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000. The subject property is located in Chicago, Illinois, which is

located within the Northern District of Illinois, Eastern Division. Thus, venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

III. Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue for trial exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). A plaintiff cannot rest on mere allegations, but must go beyond the pleadings and designate specific facts showing a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548 (1986). The Court must review the record in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. See EEOC v. Sears Roebuck & Co., 233 F.3d 432, 436-37 (7th Cir.2000).

IV. Discussion

The facts in the instant case have not been disputed by the Defendants. On December 18, 2002, plaintiff served a first request to admit on Constance Rucker. Rucker failed to respond to said Request to Admit. Rule 36(a) of the Federal Rules of Civil Procedure clearly provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted. United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987) (finding that default admissions can serve as a factual predicate for summary judgment).

Constance Rucker and Wilma Lowe own the property at 10814 S. Church St., Chicago, IL. They borrowed $201,568.30 from NationsCredit Financial Services Corporation and gave

NationsCredit a mortgage on the property to secure the loan. The loan was subsequently sold to plaintiff. Rucker and Lowe failed to make the March 2002, and subsequent payments on the loan. Plaintiff accelerated the loan and initiated foreclosure proceedings. Rucker has not come forth with any defense to the foreclosure action. Accordingly, there are no genuine issues of material fact to be determined at trial. Summary judgment is granted in favor of Homecomings.

## Conclusion

For the foregoing reasons, Homecomings Financial Network, Inc.'s motion for summary judgment of foreclosure is GRANTED.

Enter:

David H. Coar
United States District Judge

Dated: July 24, 2003